NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 251382-U

NO. 4-25-1382

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 5, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JOSHUA SMULL, | ) | Appeal from the |
|     Petitioner-Appellee, | ) | Circuit Court of |
|     v. | ) | McLean County |
| PAUL BERARD, | ) | No. 25OP229 |
|     Respondent-Appellant. | ) | |
| | ) | Honorable |
| | ) | Carla E. Wheeler, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Doherty and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding respondent had not established any basis to support a reversal or vacatur of the sanctions order and fee award.

¶ 2    Respondent, Paul Berard, an attorney who represents himself, appeals the circuit court's judgment sanctioning him pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) and ordering him to pay $2,040 in attorney fees incurred by petitioner, Joshua Smull. On appeal, respondent argues this court should reverse the sanctions order and/or vacate the fee award because (1) the sanctions order is not sufficiently specific, (2) his due process rights were violated when he was not provided notice that sanctions would be entertained pursuant to Rule 137, (3) his conduct did not constitute a Rule 137 violation, and (4) the fee award is unreasonable, punitive, excessive, and unsupported by evidence. For the reasons that follow, we affirm the circuit court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4            In July 2025, the circuit court issued a stalking no contact order pursuant to the Stalking No Contact Order Act (740 ILCS 21/1 *et seq.* (West 2024)) against respondent and in favor of petitioner. Respondent appealed the order.

¶ 5            In August 2025, respondent filed a motion to approve and certify a bystander's report pursuant to Illinois Supreme Court Rule 323(c) (eff. July 1, 2017). He later, in October 2025, scheduled the motion for a hearing.

¶ 6            In November 2025, the circuit court conducted a hearing on respondent's motion to approve and certify a bystander's report, at which petitioner appeared by counsel. The record does not contain a transcript from the hearing. According to a docket entry, respondent (1) did not comply with the timing requirements of Rule 323(c), (2) appeared "unprepared and not prepared to argue (defend) [Rule 323(c)]," and (3) offered a "completely inaccurate and biased" bystander's report. Petitioner sought sanctions, and his counsel indicated she would file a fee affidavit. The court denied respondent's motion and scheduled a hearing for a "Petition for Attorney Fees."

¶ 7            Following the hearing, petitioner filed a petition for sanctions and a fee affidavit. In the petition, petitioner argued for sanctions "in connection with Respondent's request for a hearing on the Bystander's Report." Petitioner noted respondent filed a motion to approve and certify his bystander's report and then scheduled the motion for a hearing. Petitioner asserted respondent appeared "unprepared" at the hearing and caused him to incur unnecessary attorney fees and costs. Petitioner cited Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994) as authority for imposing sanctions. According to the fee affidavit, petitioner's counsel billed petitioner $2,040 for services rendered related to respondent's motion to approve and certify the bystander's report and her preparation of the petition for sanctions and the fee affidavit.

¶ 8     Respondent filed a response to the petition for sanctions, which he later supplemented. In the response, respondent argued, in part, he "would not have requested a hearing if he had been provided notice of the late filing of the Bystander's Report" by petitioner's counsel. He also argued the fees requested were inflated and excessive.

¶ 9     In December 2025, the circuit court conducted a hearing. Respondent argued, in part, Rule 375 provided sanctioning authority for a reviewing court only, to which the circuit court agreed. Further, respondent argued it was his understanding petitioner had agreed with the bystander's report prior to the November 2025 hearing because he did not object to it. The court found respondent's argument not "credible," noting he had called its office "numerous times" and submitted a bystander's report "that even the Court wasn't accepting or understanding at that time." Respondent also argued he would not have pursued his motion had he known he had not complied with Rule 323(c). The court rejected respondent's argument, noting he had previously stated he was "familiar with the appellate court rules because [he had] argued cases on appeal." Respondent indicated he did not recall making that statement. Petitioner argued, in part, respondent "was very well aware of when that Bystander's Report was due, and so he—this is absolutely willful on his part." After hearing from the parties, the court gave the following oral pronouncement of its decision:

    "The Court hears argument of counsel on the Petition For Sanctions, and the Court is entering sanctions under [Rule 137]. The Court is ordering the Respondent to pay reasonable attorney fees of $2,040. The Respondent has filed his appeal and was to prepare a Bystander's Report. The Respondent represented to this Court that he was an attorney and familiar with appellate court rules; however, Respondent did not comply with the rules pertaining to the Bystander's

Report. Respondent filed a motion to approve the Bystander's Report, during said hearing admitted to the Court that the rules were not complied with and that he was unprepared to argue his motion. Respondent caused Petitioner's attorney to conduct research and appear in court; therefore, sanctions is awarded."

A docket entry was entered that was consistent with the court's decision, and petitioner's counsel indicated she would prepare a written order.

¶ 10    Following the hearing, the circuit court entered a written order sanctioning respondent pursuant to Rule 137 and ordering him to pay $2,040 in attorney fees incurred by petitioner. The order notes respondent (1) did not comply with the timing requirements of Rule 323(c), (2) "requested and scheduled" a hearing on his motion to approve and certify a bystander's report, and (3) appeared for the scheduled hearing and "stated that he was unprepared." The order finds: "Respondent's failure to comply with [Rule 323] was found to be willful, and his admitted unpreparedness at the [November 2025] hearing was not in good faith and caused a needless increase in the cost of litigation to the Petitioner." The order further finds the requested fees were fair and reasonable.

¶ 11    This appeal followed.

¶ 12                                  II. ANALYSIS

¶ 13    On appeal, respondent argues this court should reverse the sanctions order and/or vacate the fee award because (1) the sanctions order is not sufficiently specific, (2) his due process rights were violated when he was not provided notice that sanctions would be entertained pursuant to Rule 137, (3) his conduct did not constitute a Rule 137 violation, and (4) the fee award is unreasonable, punitive, excessive, and unsupported by evidence. While petitioner has not filed an appellate brief, we find that does not serve as an impediment to our review. See *First Capitol*

*Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 14 As an initial matter, respondent's appellate brief fails to meet the requirements of our supreme court rules. See *In re Marriage of Reicher*, 2021 IL App (2d) 200454, ¶ 30 ("The supreme court rules governing the form and content of appellate briefs are not mere suggestions but, rather, are mandatory and have the force of law."). Specifically, in violation of Illinois Supreme Court Rule 341(h)(6)-(7) (eff. Oct. 1, 2020), the statement of facts and argument sections of respondent's brief do not reference the pages of the record relied upon. Without those references, respondent expects this court to search the record to find support for each assertion of fact and argument he makes in his brief. That is not our role. See *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009) (stating a reviewing court is not a repository into which an appellant may dump the burden of argument and research). Additionally, in violation of Rule 341(h)(6), the statement of facts contains improper argument or comment. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). In particular, respondent makes assertions that petitioner did not "qualify" as a person allowed to obtain a protective order, lacked a "legal basis" to request protection for dependents, and requested protective relief "he was not entitled to." While it would be within our discretion to strike respondent's brief and dismiss the appeal for the failure to comply with our supreme court rules, we will address the appeal as best we can based upon the briefing provided. See, *e.g.*, *Ittersagen v. Advocate Health & Hospitals Corp.*, 2021 IL 126507, ¶ 37.

¶ 15 Rule 137 allows for the imposition of sanctions against a party who files a pleading, motion, or other document which is not well grounded in fact or existing law or a good-faith argument for the extension, modification, or reversal of existing law, or interposed for an improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation. Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018). Sanctions may be imposed upon a court's own initiative

and may include an order to pay to the other party the amount of reasonable expenses incurred because of the filing of the improper pleading, motion, or other document, including a reasonable attorney fee. *Id.* Where a sanction is imposed under Rule 137, "the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." Ill. S. Ct. R. 137(d) (eff. Jan. 1, 2018).

¶ 16        A circuit court's decision to impose sanctions under Rule 137 will generally not be reversed on appeal unless it constitutes an abuse of the court's discretion. *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 487 (1998). "An abuse of discretion occurs only when the circuit court's ruling is arbitrary or fanciful or when no reasonable person would adopt the view of the circuit court." *Brown v. Illinois State Police*, 2021 IL 126153, ¶ 49.

¶ 17        Respondent argues the sanctions order is not sufficiently specific. We disagree. The order noted respondent (1) did not comply with the timing requirements of Rule 323(c), (2) "requested and scheduled" a hearing on his motion to approve and certify a bystander's report, and (3) appeared for the scheduled hearing and "stated that he was unprepared." The order stated: "Respondent's failure to comply with [Rule 323] was found to be willful, and his admitted unpreparedness at the [November 2025] hearing was not in good faith and caused a needless increase in the cost of litigation to the Petitioner." The order further found the requested fees were fair and reasonable. While the order did not, as respondent emphasizes, name a pleading, motion, or other document upon which the sanction was based, we find it sufficiently identified the motion to approve and certify a bystander's report as the basis for the sanction and provided the reasons why the motion violated the rule. See *Asher Farm Ltd. Partnership v. Wolsfeld*, 2022 IL App (2d) 220072, ¶ 61 (noting the purpose of the specificity requirement of Rule 137 is to allow the reviewing court to make an informed and reasoned review of the decision to impose a sanction).

¶ 18　　　　Respondent also argues his due process rights were violated when he was not provided notice that sanctions would be entertained under Rule 137. We find the issue forfeited. Respondent, in violation of Rule 341(h)(7), does not provide a reasoned argument with citation to supporting authority. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). While he recognizes a court may impose a sanction under Rule 137 upon its own initiative, his argument and cited authority primarily concern the requirements of a party who moves for sanctions under Rule 137. He then provides a conclusory assertion without supporting authority that the absence of notice that sanctions would be entertained under Rule 137 violated his "right to due process." Under these circumstances, respondent's underdeveloped argument does not merit consideration. See *People v. One Black 2016 Jeep Wrangler Unlimited*, 2025 IL App (2d) 240314, ¶ 37 (stating forfeiture results from the failure to develop a proper argument).

¶ 19　　　　Third, respondent argues his conduct did not constitute a Rule 137 violation. We disagree. While respondent (1) emphasizes a pleading, motion, or other document was not explicitly identified as the basis for the sanctions and (2) contests the validity of the finding that his failure to comply with Rule 323(c) was "willful," he fails to address the rest of the circuit court's order and the record of the proceedings. In the order, the court noted respondent (1) did not comply with the timing requirements of Rule 323(c), (2) "requested and scheduled" a hearing on his motion to approve and certify a bystander's report, and (3) appeared for the scheduled hearing and "stated that he was unprepared." The court found respondent's "admitted unpreparedness at the [November 2025] hearing was not in good faith and caused a needless increase in the cost of litigation to the Petitioner." Taken together, and considering the record of the proceedings, the court found respondent's filing and pursuit of his motion to approve and certify the bystander's report, despite knowing he had not complied with Rule 323(c), was a violation of Rule 137. See

*In re Parentage of G.E.*, 2016 IL App (2d) 150643, ¶ 12 (stating a bystander's report must be prepared in accordance with Rule 323(c)). Such conduct, we find, is sanctionable under Rule 137. We note, while respondent has claimed he was unaware of the lack of compliance with Rule 323(c) until the November 2025 hearing, the court rejected that claim based upon respondent's statements at that hearing, and respondent has not provided this court with a transcript of the hearing to contest the court's finding. Thus, respondent's conduct could support the imposition of sanctions pursuant to Rule 137, and the court's decision to impose sanctions for the conduct does not constitute an abuse of its discretion.

¶ 20        And last, respondent argues the fee award is unreasonable, punitive, excessive, and unsupported by evidence. We disagree. Petitioner filed a fee affidavit indicating his counsel billed him $2,040 for services rendered related to respondent's motion to approve and certify the bystander's report and her preparation of the petition for sanctions and the fee affidavit. While respondent makes various claims related to the fee award, those claims lack record support. For example, he claims the fee award is more than double the monetary sanction initially requested at the November 2025 hearing. The record does not support this claim. He also claims the hourly rate charged by petitioner's counsel is "not the customary and usual rate for an attorney in her location and expertise." Again, he does not provide support for his claim. Based upon the fee affidavit of record and the arguments presented, we cannot say the fee award is unreasonable, punitive, excessive, or unsupported by the evidence.

¶ 21        In sum, we conclude respondent had not established any basis to support a reversal or vacatur of the sanctions order and fee award and, therefore, affirm the circuit court's judgment.

¶ 22                        III. CONCLUSION

¶ 23        For the reasons stated, we affirm the circuit court's judgment.

¶ 24   Affirmed.